IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL BELL, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVIL ACTION NO. 23-CV-3646 |
| | : | |
| SELF INCORPORATED, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**KENNEY, J.**                                                                                   **OCTOBER 2, 2023**

Currently before the Court is the Amended Complaint ("Am. Compl.") of *pro se* Plaintiff

Carl Bell,[1] wherein Bell alleges that Defendants "violated federal law on theft of moveable

property" and obstructed court processes including his "right to a fair and speedy [trial]." (ECF

No. 4.) Bell seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will

grant Bell leave to proceed *in forma pauperis* and dismiss his Amended Complaint upon

screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

---

[1] Bell commenced this action on September 17, 2023 by filing a Complaint. (*See* ECF No. 2.)
On September 25, 2023, Bell filed an Amended Complaint. (*See* ECF No. 4.) An amended
complaint, once submitted to the Court, serves as the governing pleading in the case because an
amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 666 F.
App'x 221, 223 n.2 (3d Cir. 2016) (*per curiam*); *see also Garrett v. Wexford Health*, 938 F.3d
69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and
renders the original pleading a nullity. Thus, the most recently filed amended complaint
becomes the operative pleading.") (internal citations omitted); *Argentina v. Gillette*, 778 F.
App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (holding that "liberal construction of a pro se
amended complaint does not mean accumulating allegations from superseded pleadings").
Consequently, Bell's Amended Complaint (ECF No. 4) is the governing pleading in this case.

I.       **FACTUAL ALLEGATIONS**[2]

Bell filed his Amended Complaint by utilizing the Court's form complaint provided for use by unrepresented litigants, and it appears from his Amended Complaint that Bell seeks to invoke federal question jurisdiction.  (Am. Compl. at 3.)[3]  Bell names SELF Incorporated ("SELF")[4] and the Station House Transitional Shelter ("Station House") as Defendants.  (*Id.*)

Bell avers that, on the morning of August 21, 2023, he was denied access to Station House, despite being a resident of the shelter.  (*Id.* at 4.)  Bell alleges that he had previously made special arrangements with Mr. Andrae, a case worker, so that he could leave the shelter prior to 6:00 a.m.  (*Id.*)  However, when he attempted to reenter Station House at 7:00 a.m., Bell was denied access by front desk staff member, Mrs. Johnson, who explained that he had violated the standard curfew policy.  (*Id.*)  Bell asserts he was required to attend a court hearing at 8:00 a.m. on August 21, and his "[f]ailure to attend this hearing could have resulted in jail, prision [sic], and bail being set which [he] would be unable to afford."  (*Id.*)  Bell explained this situation to Mrs. Johnson and also expressed his need to enter the facility so that he could obtain his laptop, clothing, and legal documents for the hearing.  (*Id.*)  Mrs. Johnson refused entry, telling Bell to "talk to [his] case worker at 9 am."  (*Id.*)  Bell alleges that he went to the local police precinct to file a criminal complaint against Mrs. Johnson.  (*Id.*)  Bell avers that his public defender "was able to fast track the complaint" and obtain a continuance of the hearing, thereby "avoiding the bench warrant and any other complications."  (*Id.*)

---

[2]  The factual allegations are taken from Bell's Amended Complaint.

[3]  The Court adopts the pagination assigned to the Amended Complaint by the CM/ECF docketing system.

[4]  In his Amended Complaint, Bell lists two Philadelphia locations for SELF Incorporated – 1500 Walnut Street and 1211 Chestnut Street.

Bell was again denied access to Station House on the afternoon of August 31, 2023 by Mrs. Johnson, Mr. Andrae, and the program director.  (*Id.*)  These individuals also allegedly refused to return Bell's belongings.  (*Id.*)  Bell avers that Mrs. Johnson "attempted to incite residents to attack [him]," causing him to "involve the authorities."  (*Id.*)  The local police arrived at approximately 1:00 p.m. "to force Station House and its staff to return [Bell's] belongings.  (*Id.*)  After the police left the property, the Station House security staff "negligently threw [Bell's] things into plastic trash bags, which were dropped at [his] feet."  (*Id.*)  Bell contends that "[m]any of his items were missing and unaccounted for," including jeans, sneakers, t-shirts, sweatshirts, a phone and charger, a wallet, identification, and credit cards.  (*Id.* at 4-5.)  Bell avers that fraudulent charges have appeared on the missing credit cards.  (*Id.* at 5.)

Bell contends that Defendants "violated federal law on theft of moveable property, obstruct[ed] court proccesses [sic] including [his] right to a fair and speedy trail [sic], as well as caused undue hardship amounting to harassment."  (*Id.* at 3.)  Bell avers that he was subjected to "verbal and physical intimidation" and has lost his "ability to habitate in any other shelter within the City of Philadelphia causing [him] to have to live literally on the streets."  (*Id.* at 5.)  Bell asserts that the "[m]issed court date resulted in continuance further hindering [his] ability to resume [his] small business activities" resulting in a "loss of wages and personal reputation." (*Id.* at 3, 5.)  Bell avers that he has lost his "peace of mind, sense of safety, sense of security and trust in [the] city of Philadelphia and its shelter system."  (*Id.* at 5.)  Bell seeks monetary damages in the amount of $12,000.  (*Id.*)

## II.  STANDARD OF REVIEW

The Court will grant Bell leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. §

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher*

*v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At

this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*]

complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only

whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible []

claim.'"  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*,

792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S.

at 678.

When allowing a plaintiff to proceed *in forma pauperis*, the Court must also review the

pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a

proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the

action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d

Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time

[and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in

federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v.*

*AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction

rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S.

332, 342 n.3 (2006))).

Because Bell is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'" *Id*.

## III.   DISCUSSION

Because Bell checked the box on the form complaint indicating he seeks to invoke the Court's federal question jurisdiction, the Court will liberally construe his references to "theft of property" and "obstructing court processes" to be attempts to assert due process claims under the Fourteenth Amendment.[5] Bell may also be attempting to assert a First Amendment access to the courts claim since he contends that the Defendants' actions interfered with his ability to attend a court hearing. As set forth below, any constitutional claims cannot proceed because the named Defendants – a private non-profit organization and its emergency housing site – are not state actors subject to suit under § 1983.

### A.   Constitutional Claims

The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights," but is merely a means

---

[5] Bell makes passing references to harassment and intimidation. To the extent that Bell intended to assert claims for harassment or intimidation, he has provided no facts to support them, which is insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678; *see also Campbell v. LVNV Funding, LLC*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (explaining that "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other" (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994))).

through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995).

Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state actor subject to liability under § 1983 – depends on whether there is " such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). " To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Bell has not alleged any facts to support a plausible inference that SELF or Station House meet any of the foregoing tests, and nothing in the Amended Complaint suggests any factual or legal basis for concluding that the Defendants are state actors who could be held liable under § 1983. According to its website, SELF is a nonprofit agency that provides emergency and permanent supportive housing, housing-focused case management, and mentoring for

6

Philadelphia's most vulnerable communities.  *See* SELF INC., https://selfincorp.org/about/ (last visited September 26, 2023).  Station House is one of SELF's emergency housing sites, which provides housing for single male adults who are experiencing homelessness.  *See* SELF's Emergency Housing Sites, https://selfincorp.org/programs-services/ (last visited September 26, 2023).

Several district courts analyzing § 1983 claims against privately run social services entities, such as a homeless shelter, or its operator, directors, and employees, have concluded that they are not state actors.  *See, e.g.*, *Brown v. Res. for Hum. Dev.*, No. 21-1735, 2021 WL 2400616, at *5 (E.D. Pa. June 11, 2021) (citing *Witt v. Johnson*, No. 21-11, 2021 WL 1321316, at *1–2 (W.D. Va. Apr. 8, 2021) (concluding that plaintiff's section 1983 claims against The Haven and two of its employees – where employees denied plaintiff access to day shelter for homeless individuals and physically assaulted him – could not proceed because defendants were private nonprofit organization and its employees, not state actors); *Al-Qadaffi v. Acacia Network*, No. 16-5423, 2016 WL 6072374, at *3 (E.D.N.Y. Oct. 17, 2016) (dismissing plaintiff's section 1983 claims where there was "no indication that the [men's] shelter, its operator, or its director [were] state actors or that they otherwise acted 'under color of state law' when they caused the alleged harm" by allegedly failing to provide halal meals); *Hill v. Nolan*, No. 15-648, 2015 WL 9286757, at *2 (S.D. Ohio Oct. 8, 2015) (recommending dismissal of complaint against homeless shelter and several employees that had required plaintiff to leave facility and stay elsewhere when "there [were] no facts whatsoever alleged in Plaintiff's complaint" that would indicate shelter was acting under color of state law, particularly where the shelter was a single, private-individual founded shelter, the state of Ohio did not operate shelter, and the shelter was not a state agency), *report and recommendation adopted*, 2015 WL 9269756 (S.D. Ohio Dec. 21,

2015).  Accordingly, the § 1983 claims against SELF and Station House will be dismissed

pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.[6]

### B.      State Law Claims

Liberally construed, it is possible that Bell intended to assert state law tort claims.  The

Court, however, declines to exercise supplemental jurisdiction over such claims pursuant to 28

U.S.C. § 1367, having dismissed Bell's federal claims.  Accordingly, the only independent basis

for jurisdiction over any state law claims is 28 U.S.C. § 1332(a), which provides that a district

court can exercise subject-matter jurisdiction over a case in which "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens

of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity

between all plaintiffs and all defendants,'" which "means that, unless there is some other basis

for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln*

*Ben. Life Co.*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81,

89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where they are domiciled, meaning the state where

they are physically present and intend to remain.  *See Washington v. Hovensa*, LLC, 652 F.3d

340, 344 (3d Cir. 2011).  Residence alone is insufficient to establish domicile.  *Krasnov v.*

---

[6]  Even if Bell sufficiently pled state action with respect to SELF or Station House, although he
has not, the claims against the non-profit organizations would nevertheless be dismissed.  Non-
profit organizations, like municipalities, will not be liable under § 1983 for the acts of its
employees under a theory of *respondeat superior*.  Non-profit organizations can only be liable
under § 1983 when an official policy or custom of the non-profit organization causes the
deprivation of constitutional rights.  *See Kirby v. Visionquest Nat'l, Ltd*., No. 15-6208, 2016 WL
1623439, at *3 (E.D. Pa. Apr. 25, 2016) (applying standard for municipal liability from *Monell v.
Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978), to § 1983 claims asserted against a non-
profit organization).  Bell alleges no facts suggesting that his alleged constitutional harms were
caused by a SELF or Station House policy or custom.

*Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a

finding of intent to remain indefinitely."). Rather, "domicile is established by an objective

physical presence in the state or territory coupled with a subjective intention to remain there

indefinitely." *Hovensa LLC*, 652 F.3d at 344. A non-profit corporation is a citizen of both its

state of incorporation and principal place of business. *See SodexoMAGIC, LLC v. Drexel Univ.*,

24 F.4th 183, 202 (3d Cir. 2022). It is the plaintiff's burden to establish diversity of

citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co.,

Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity

cases, the plaintiff must demonstrate complete diversity between the parties and that the amount

in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL

3498131, at *8 (E.D. Pa. June 26, 2020).

Bell asserts that he and the Defendants are citizens of Pennsylvania such that diversity

jurisdiction does not exist over any state law claims. (Am. Compl. at 4.) Accordingly, any state

law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

Even if Bell had properly alleged that the parties are of diverse citizenship, the Court

would still lack jurisdiction over any state law claims. "As a general rule, [the amount in

controversy] is determined from the good faith allegations appearing on the face of the

complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum

claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a

legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."

*Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Bell seeks

$12,000 in damages, which is significantly below the amount in controversy required to create

diversity jurisdiction over any state law claims.  Accordingly, Bell has failed to meet his burden

of demonstrating that this Court has subject matter jurisdiction over any state law claims.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Bell leave to proceed *in forma pauperis*,

dismiss his federal claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim,

and dismiss any state law claims for lack of subject matter jurisdiction.  Considering Bell's *pro*

*se* status, he will be permitted the opportunity to file an amended complaint if he believes he can

cure the defects the Court has noted as to his federal claims.  An appropriate order follows,

which contains additional instructions as to amendment.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, J.**